IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SPENCER DALE MYERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-289 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Powledge Trustee Unit in Anderson County, Texas. Petitioner is currently incarcerated at the Neal Unit in Potter County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### DISCIPLINARY CHARGE AND PROCEEDINGS

During an interview conducted May 13, 2015, petitioner "admitted sharing personal information about his marriage" with a staff member at the Powledge Trustee Unit and "convincing" that staff member "to allow him to use the State issued cell phone to make personal calls to his wife." [ECF 18-2 at 4]. Consequently, petitioner was charged with the Level 2 offense of "Establishing an inappropriate relationship with a staff member" under 30.2 of the

TDCJ-CID *Disciplinary Rules and Procedures for Offenders.* Specifically it was alleged that petitioner:

> [Did] establish an inappropriate relationship with TCI Supervisor, Jeremy Crutcher, which jeopardized the security of the agency and compromise[d] the effectiveness of the employee by sharing personal information in order to gain access from Mr. Crutcher to his state cell phone to make personal calls.

[ECF 18-2 at 3]. On the morning of May 15, 2015, petitioner was notified of the charges, indicated in writing that he did not wish to attend a hearing on the charges and, although not entirely clear, possibly indicated he wished to plead guilty. [*Id.*]. Petitioner also waived, in writing, his right to 24-hour notice of the hearing and authorized the Hearing Officer to proceed with the hearing. [*Id.*].

In the Service Investigation Work Sheet completed that same date, counsel substitute for petitioner indicated petitioner was pleading guilty, and would not be requesting any witnesses or documentary evidence at the disciplinary hearing. [ECF 18-2 at 7]. The work sheet further indicated petitioner made the following statement:

> I apologize to Mr. Crutcher and the Powledge staff for this selfish act. I will do anything that may help to rectify the situation so that I may not be reduced in line class, custody status and so I can return home to my wife, children and church.

[*Id.*]. On the afternoon of May 15, 2015, a Hearing Officer conducted the hearing without petitioner present, noting on the Hearing Worksheet that petitioner "refused to attend" the hearing. [ECF 18-2 at 9]. The Hearing Officer indicated that although petitioner pled guilty to the charge, counsel substitute entered a not guilty plea on petitioner's behalf. [*Id.*] At the hearing, the charging offense report was read and petitioner's above statement was presented. After a statement by counsel substitute on petitioner's behalf, the Hearing Officer recessed the hearing to make his decision.

The Hearing Officer found petitioner guilty of the charged offense based on the officer's

report and "no non-frivolous evidence," and assessed punishment that included the forfeiture of thirty (30) days previously accrued good time credit[1] due to petitioner "compromis[ing] the employee."  [ECF 18-2 at 3].  As indicated in his worksheet, the Hearing Officer recognized petitioner's cooperation and lack of history of similar offenses and took into consideration petitioner's above statement and counsel substitute's request for leniency in making his determination.  [ECF 18-2 at 9].

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system.  On June 24, 2015, relief was denied at Step 1 with the following response:

> Disciplinary case #20150261528 has been reviewed and no procedural errors were noted.  There was sufficient evidence to support the guilty verdict.  All due process requirements were satisfied and the punishment imposed was within established guidelines.  Offenders who establish inappropriate relationships with staff will be held accountable in accordance with policy.  This is a valid case.

[ECF 18-1 at 4].  On August 10, 2015, relief was denied at Step 2 with findings that there was sufficient evidence to sustain the charge and the finding of guilt, that the hearing was conducted per policy with no due process or procedural errors being noted, and that the punishment assessed was within agency guidelines.  [ECF 18-1 at 6].

Having unsuccessfully challenged the case administratively, petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.[2]

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[2] The Texas Court of Criminal Appeals has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.  *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1. the evidence was insufficient to show his conduct constituted "[e]stablishing an inappropriate relationship with a staff member" because "[n]o relationship was ever established;"

2. Petitioner was "given permission to use the telephones;"

3. Petitioner "was never told nor given expl[a]nation that using the phones [was] against policy even with the permission of [his] direct TDCJ/TCI Supervisor;" and

4. The regulation is vague and subject to interpretation by the inmates.

## III.
## RESPONDENT'S ANSWER & PETITIONER'S REPLY

On February 16, 2016, respondent filed an answer asserting petitioner's good time was taken in compliance with due process requirements, that petitioner's claim of lack of notice regarding telephone usage was without merit, and that the evidence was sufficient to support the finding of guilt of establishing an inappropriate relationship.

On April 7, 2016, petitioner filed a reply to respondent's answer asserting four (4) new grounds of error: (1) petitioner was denied due process because he did not have a fair and impartial decision maker; (2) petitioner was denied due process or effective assistance of counsel because substitute counsel did not call or question witnesses requested by petitioner; (3) "respondent failed to present [evidence showing] latitude in TDCJ Rules and Regulations"; and (4) cumulative prejudice. As set forth in the Court's *Order to Show Cause, Notice and Instructions to Parties* entered in this case, "Under no circumstances will any statement or argument set forth in a reply brief be considered as a part of the pleadings so as to advance new

grounds for relief or to supplement any ground or supporting facts set out in the petition." [ECF 13 at 2]. Consequently, the undersigned will not address petitioner's new claims of constitutional error.

## IV.
## MERITS

### A. "Inappropriate Relationship" Offense

By his first ground, petitioner contends there was insufficient evidence to support a finding that he was guilty of the disciplinary offense of "[e]stablishing an inappropriate relationship with a staff member." Specifically, petitioner argues "[i]n order for a relationship to be established, there must be a kinship, [or the parties must] have affairs or dealings with on a personal level" and that "[n]othing of this sort was ever established." Petitioner contends his actions did not amount to "establishing an inappropriate relationship" violation, that the evidence was insufficient to establish his guilt of the violation, and that his conviction should be overturned.

As noted by respondent, federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where no evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings, rather, this court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

TDCJ Disciplinary Rule 30.2, at the time of the alleged offense, defined "[e]stablishing an inappropriate relationship" as:

> Establishing . . . *any type of personal relationship* with staff . . . that jeopardizes, or has the potential to jeopardize the security of the TDCJ or that compromises the effectiveness of the staff member . . . .

*Disciplinary Rules and Procedures for Offenders*, February 2015 (emphasis added). There appears to be no dispute that the staff member gave petitioner access to his state-issued phone in order for petitioner to make personal calls. The Offense Report alleged petitioner committed the "inappropriate relationship" offense by "sharing personal information in order to gain access from Mr. Crutcher to his state cell phone to make personal calls." During the preliminary investigation, petitioner "admitted sharing personal information about his marriage" with the staff member and "convincing" the staff member "to allow him to use the State issued cell phone to make personal calls to his wife." It appears petitioner indicated his desire to plead guilty to the infraction, waived essentially all of his rights with regard to the charges, and made a statement during the investigation apologizing to the staff member, even if self-serving. Based on this record, including petitioner's statement with regard to his conduct, his apparent admission of guilt, and his actions with regard to the disciplinary proceeding, the undersigned finds there was more than sufficient evidence that petitioner had established a type of personal relationship with the staff member to the extent the staff member was persuaded to, and was comfortable with, allowing petitioner to use his state-issued phone to make personal phone calls to his family.

By his second ground, petitioner appears to argue his conduct did not violate the disciplinary rule prohibiting establishing a relationship with a staff member because he had permission to use the staff member's phone. Petitioner advises the staff member "allowed [him] to use the telephone, both state issue and personal, to contact family as [they] were unable to do

while working away from the unit." Whether or not the staff member gave petitioner permission to use either his state or personal cell phone is not at issue, has no relevancy, and is in no way determinative of whether or not petitioner established a type of personal relationship with the staff member that had the potential to jeopardize the security of the TDCJ or compromised the effectiveness of the staff member. Petitioner's argument that the disciplinary ruling should not stand because the staff member permitted his use of the cell phones has no merit. The record is sufficient to show petitioner had an inappropriate personal relationship with the staff member.

The Hearing Officer's determination that petitioner established an inappropriate relationship with a staff member was not unreasonable or arbitrary. The undersigned finds no constitutional due process error. Petitioner's first and second grounds should be denied.

B.  Lack of Notice/ Vagueness of Rule

By his third ground, petitioner argues, "I was never told nor given expl[a]nation that using the phones [was] against policy even with the permission of my direct TDCJ/TCI Supervisor." Petitioner thus appears to argue he was denied due process because he was punished for an act that he could not have known was prohibited. *See Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994). Similarly, by his fourth ground, petitioner appears to contend the vagueness of the disciplinary rules in failing to clearly explain that "[u]sage of [the] phone was against policy even with permission" allows for too much interpretation by the inmate and, therefore, cannot be enforced.

Petitioner was not charged with a disciplinary infraction for improper use of the staff member's telephone; rather, petitioner was charged with, and found guilty of, establishing an improper relationship with a staff member. Any lack of notice of the TDCJ phone usage policy is irrelevant to whether petitioner committed the disciplinary offense charged herein. Likewise,

any vagueness complaint as to the TDCJ phone usage policy is irrelevant to this proceeding challenging petitioner's disciplinary conviction. Petitioner's third and fourth grounds should be denied.

### C. Petitioner Received Due Process

The undersigned has reviewed the record and finds petitioner received all the due process to which he was entitled in the disciplinary proceeding challenged herein. The records clearly demonstrate all of the standards for satisfying due process were met in this case. To the extent, if any, petitioner claims any violation of his constitutional right to due process in the underlying disciplinary proceeding, petitioner's claim is without merit.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner SPENCER DALE MYERS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 6, 2018.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* **<u>NOTICE OF RIGHT TO OBJECT</u>** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).